UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80280-CIV-HURLEY

MURPHY & KING,
PROFESSIONAL CORPORATION,
    Plaintiff,

vs.

BLACKJET, INC.,
    Defendant.
_____/

ORDER ON PLAINTIFF'S MOTION TO COMMENCE
SUPPLMENETARY PROCEEDINGS & TO IMPLEAD THIRD PARTY

**THIS CAUSE** is before the Court on Plaintiff Murphy & King, Professional Corporation ("Murphy & King")'s Motion to Commence Proceedings Supplementary and to Implead a Third Party filed April 24, 2015 [ECF No. 54]. To date, there has been no response filed in opposition to the motion. Upon consideration, the Court has determined to grant the motion in part, and shall enter an order commencing supplementary proceedings and impleading the named third-party defendant in the manner suggested by Plaintiff. However, the Court shall deny the plaintiff's request for costs and attorneys' fees associated with the bringing of the motion at this juncture.

**I. Background**

Following entry of a Final Judgment in favor of Murphy & King and against the Defendant Blackjet, Inc. ("Blackjet") in the amount of $376,981.51 plus post judgment interest [ECF No. 37], Murphy & King filed writ of garnishment on Bank of America, N.A., in an effort to collect on the Judgment. According to its Answer to the Writ of Garnishment served

November 10, 2014, Bank of America held a total of $36.90 in an account owned by Blackjet as of the date of service of the writ.

Plaintiff also filed a writ of execution and delivered it to the U.S. Marshal in this district in an effort to collect on the judgment.  According to the affidavit filed by Murphy & King in support of its motion to commence supplementary proceedings, the writ remains wholly unsatisfied [ECF 54-4, Affidavit of Kent Frazer, Esq.].

Murphy & King is now moving, pursuant to Fed. R. Civ. P. 69(a), to commence supplementary proceedings in aid of execution of its final judgment and to implead a third party, Blackjet Technology, Inc. ("Blackjet Technology" or "Impleader Defendant"), which it believes may have received fraudulent transfers from Blackjet or which it believes may be an alter ego of the defendant Blackjet  [See Plaintiff's Response in Opposition to Non-Party Blackjet Technology's Motion for Protective Order and Objection to Re-Notice of Deposition] [ECF No. 48].

## II. Discussion

Rule 69(a) directs that the procedure on execution, and in proceedings supplementary to and in aid of judgment or execution, "must accord with the procedure of the state where the court is located" to the extent it is not preempted by federal law.  In turn, Section 56.29, Fla. Stat., sets forth the procedures for impleading supplemental defendants.  *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n. 22 (11th Cir. 1997).

Further, under decisional law interpreting Section 56.29, the two jurisdictional prerequisites for supplementary proceedings are:  (1) an unsatisfied writ of exaction and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded.  *General Trading Inc.*, 119 F.3d at 1496 n. 22; *NTS Ft. Lauderdale Office Joint*

*Venture v. Serchay*, 710 So.2d 1027 (Fla. 4th DCA 1998) (compliance with statutory requirements of 56.29 provides a predicate for impleading third parties). Compliance with these statutory prerequisites simply provides a predicate for impleading the third parties and does not determine the substantive rights of any party. *NTS Ft. Lauderdale Office Joint Venture v. Serchay,* 710 So.2d 1027 (Fla. 4th DCA 1998).

In this case, Murphy & King has met the jurisdictional requirements established by Fla. Stat. 56.29. It has shown, by way of affidavit, that the U.S. Marshal holds a valid, outstanding and unsatisfied writ of execution, and those fraudulent transfers may have occurred between the defendant Blackjet and the Impleader Defendant Blackjet Technology and/or that an alter ego relationship may exist between the two companies.

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1. Plaintiff Murphy & King's Motion to Commence Supplementary Proceedings and to Implead Third Party [ECF No. 54] is **GRANTED** and **BLACKJET TECHNOLOGY, INC**. is hereby **IMPLEADED** as a defendant to this cause for the purpose of post-judgment supplementary proceedings in aid of execution.

2. Plaintiff Murphy & King shall serve a copy of this Order upon Blackjet Technology, as Impleader Defendant, by formal service of process. The Impleader Defendant **BLACKJET TECHNOLOGY, INC**., shall, in accordance with the applicable rules, have **TWENTY (20) DAYS** from the date of service to respond or to show cause why its assets should not be declared fraudulently acquired, or why it is not an alter ego of Defendant Blackjet, Inc. Upon response from the Impleader Defendant, Blackjet Technology, Inc., the Court will set a hearing for post-judgment supplementary proceedings.

3. The plaintiff's request for costs and attorneys' fees is **DENIED WITHOUT PREJDUICE** to renew at a later time if appropriate.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 26th day of May, 2015.

_____
Daniel T. K. Hurley
United States District Judge

cc. all counsel