FILED BY _____ D.C.

OCT 17 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| MURPHY & KING, P.C. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | NO. 13-80280-CIV-HURLEY |
| § | |
| BLACKJET, INC. successor by merger § | |
| to GREEN JETS, INC., § | |
| § | |
| Defendant. § | |
| § | |

**IMPLEADER DEFENDANT DEAN ROTCHIN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**
**– AND –**
**MOTION FOR A MORE DEFINITE STATEMENT**

Impleader Defendant **Dean Rotchin** ("Rotchin") moves to dismiss Plaintiff **Murphy & King, P.C.** ("Plaintiff") claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Rotchin requests the Court require Plaintiff to file an Amended Complaint to include a more definite statement of the claims against Rotchin in this lawsuit pursuant to Federal Rule of Civil Procedure 12(e).

### Statement of the Issues to Be Ruled Upon

Rotchin seeks a ruling from the Court dismissing Plaintiff's claims against Rotchin since Plaintiff's Complaint [Doc. 143] includes mere conclusions, that are not entitled to an assumption of truth and should be disregarded, and factual allegations that do not show a right to relief that is plausible, and thus, does not state a claim upon which relief can be granted. Alternatively,

1

Rotchin seeks an order from this Court requiring Plaintiff to amend its Complaint with a more definite statement of its claims against Rotchin since its Complaint does not include enough facts to allow Rotchin to file a responsive pleading

### Summary of the Argument

In its Impleader Complaint, Plaintiff failed to state a claim upon which relief can be granted against Rotchin. Therefore, the Court should dismiss Plaintiff's claims against Rotchin.

Alternatively, in its Impleader Complaint, Plaintiff failed to plead enough facts to allow Rotchin to file a responsive pleading. Therefore, the Court should require Plaintiff to amend its Complaint with a more definite statement of its claims against Rotchin.

### Argument and Authorities

**A.  Governing Standards for Motions Under Rule 12(b)(6) and Rule 12(e).**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555-56 & n.3 (2007).

Pursuant to Federal Rule of Civil Procedure 12(e), a court has authority to require a plaintiff to amend its complaint to include a more definite statement when the complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response. FED. R. CIV. P. 12(e); *see* FED. R. CIV. P. 8(a).

**B.  Plaintiff's Impleader Complaint provides only conclusory statements, and thus, the statements should be disregarded.**

Plaintiff asserts claims under Florida Statutes §§ 56.29(6), 726.105(1)(a) & (b), and 726.106(1) against Rotchin. *See Plt.'s Impleader Compl.*, at ¶¶ 122-153. The Court must dismiss

Plaintiff's claims, however, because Plaintiff includes conclusory statements that are not entitled to an assumption of truth and should be disregarded. *Iqbal*, 556 U.S. at 679; *see Nemet Chevrolet, Ltd. V. Comsumeraffairs.com, Inc.*, 597 F.3d 250, 255 (4th Cir. 2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Specifically, Plaintiff's Impleader Complaint includes the following conclusory statements:

- Since the commencement of this action, Rotchin was paid a salary, commissions, reimbursements from personal expenditures, bonuses, advances, and other compensation from Blackjet and/or Blackjet Technology. *Plt.'s Impleader Compl.*, at ¶ 125.

- Rotchin used Blackjet and Blackjet Technology bank accounts to pay significant personal expenses. *Plt.'s Impleader Compl.*, at ¶ 126.

- Rotchin used the Blackjet and Blackjet Technology bank accounts and assets as his own personal "piggy bank," sufficient to pierce the corporate veil. *Plt.'s Impleader Compl.*, at ¶ 128.

- Blackjet and/or Blackjet Technology transferred significant assets to Rotchin, as described above. *Plt.'s Impleader Compl.*, at ¶¶ 134, 140, and 149.

- The transfers were made with the actual intent to hinder, delay, or defraud any creditor of the debtor. *Plt.'s Impleader Compl.*, at ¶ 135.

- Blackjet and/or Blackjet Technology received less than reasonably equivalent value in exchange for the transfer of its assets to Rotchin. *Plt.'s Impleader Compl.*, at ¶¶ 141, 150.
- Blackjet and/or Blackjet Technology were engaged or were about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction. *Plt.'s Impleader Compl.*, at ¶ 142.

- Blackjet and/or Blackjet Technology intended to incur, or believed or reasonably should have believed that it would incur, debts beyond their ability to pay as they became due. *Plt.'s Impleader Compl.*, at ¶ 143.

- Rochtin reaped the benefits of the transfer of assets, all at the expense and to the detriment of Murphy & King. *Plt.'s Impleader Compl.*, at ¶¶ 144, 152.

3

- Blackjet and/or Blackjet Technology were insolvent at the time of the transfers described above, or became insolvent as a result of the transfers described above. *Plt.'s Impleader Compl.*, at ¶ 151.

Each of the foregoing statements are conclusory, and thus, are not entitled to an assumption of truth and should be disregarded.

Disregarding the foregoing conclusory statements, Plaintiff's Impleader Complaint does not include factual allegations that show a right to relief that is plausible. Specifically, Plaintiff failed to state facts that, if true, establish show a right to relief against Rotchin that is more than mere speculation. That is, Plaintiff did not plead facts sufficient to entitle it to pierce the corporate veil, and thus, to proceed directly against Rotchin, nor did Plaintiff plead facts sufficient to identify what benefits, if any, Rotchin received as a result of his alleged conduct. Accordingly, the Court should dismiss with prejudice Plaintiff's claims under Florida Statutes §§ 56.29(6), 726.105(1)(a) & (b), and 726.106(1) against Rotchin.

## C.    Plaintiff's Impleader Complaint is so vague and ambiguous that Rotchin cannot file a responsive pleading.

Plaintiff's Impleader Complaint alleged facts that are so vague and ambiguous Rotchin cannot file a response. Specifically, Plaintiff used Blackjet and/or Blackjet Technology's assets in a way that is sufficient to permit Plaintiff to pierce the corporate veil and proceed directly against Rotchin. However, Plaintiff makes no other factual allegations elaborating on same. Accordingly, Rotchin is unable to formulate a response to Plaintiff's efforts to pierce the corporate veil because he does not know what the grounds are for Plaintiff seeking to do same. Because Plaintiff has not pleaded enough facts to allow Rotchin to file a responsive pleading, the Court should require Plaintiff to amend its Impleader Complaint with a more definite statement of its claims against Rotchin.

## Prayer

For the foregoing reasons, Defendant Dean Rotchin requests the Court to grant its Rule 12(b)(6) Motion to Dismiss or, alternatively, grant its Rule 12(e) Motion for a More Definite Statement

DATED: October 17, 2016                    Respectfully submitted,

By: /s/ Dean Rotchin
DEAN ROTCHIN, *Pro Se*
2797 Fawn Drive
Loxahatchee Florida 33470
561-309-5679
Deanrotchin@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served this 17th day of October 2016 to all counsel of record via electronic means as listed on the Court's ECF noticing system, or via United States First Class Mail, postage prepaid.

/s/ Dean Rotchin
DEAN ROTCHIN